CORRECTED

In the United States Court of Federal Claims

No. 22-1713C

(Filed: March 27, 2023)

**NOT FOR PUBLICATION**

| | |
|---|---|
| **WILLIAM ARTEMUS WHITMORE,** | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| **THE UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) |

**OPINION AND ORDER**

      On November 14, 2022, Plaintiff, William Artemus Whitmore, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court. ECF No. 1 ("Compl.") at 13. Mr. Whitmore is presently incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan. *Id.* On November 21, 2022, the Court stayed this action to evaluate it, *sua sponte*, for probable lack of jurisdiction, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 6. For the reasons explained below, the Court dismisses Plaintiff's complaint for lack of subject-matter jurisdiction. RCRF 12(h)(3).

**I.    JURISDICTION AND STANDARD OF REVIEW**

      Mr. Whitmore is proceeding *pro se*, and this Court holds a *pro se* plaintiff's pleadings to "less stringent standards" than those prepared by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Still, "even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019). The plaintiff "bears the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013). In the absence of subject-matter jurisdiction, the Court "must dismiss the action." RCFC 12(h)(3). This may be done "at any time by the parties or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

The Tucker Act defines the jurisdiction for the Court of Federal Claims, "which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). This limits the Court's jurisdiction to "claims against the United States" as the only proper defendant. *See, e.g.*, *Wickramaratna v United States*, 2022 WL 1124872, at *6 (Fed. Cl. Apr. 15, 2022). In addition, proper "money-mandating" claims under the Tucker Act must invoke "a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). The Tucker Act itself is not money-mandating. *Id.* ("The Tucker Act itself does not create a substantive cause of action[.]").

## II.  PLAINTIFF'S CLAIMS[1]

On December 4, 1990, the St. Clair County, Michigan, Sheriff's Department ("the Sheriff's Department") documented an allegation that Mr. Whitmore had illegal sexual contact with a teenager. ECF No. 1-2 ("Exhibits") at 17. The Sheriff's Department conducted an investigation, *id.*, but filed no charges. Compl. at 2, 10; Exhibits at 18. On or around May 25, 2013, the Sheriff's Department received a separate allegation of criminal sexual conduct against Mr. Whitmore and consequently initiated another investigation of Mr. Whitmore. Compl. at 2, 11; Exhibits at 21. As part of that investigation, the Sheriff's Department collected forensic evidence from the alleged second victim and sent that evidence to a criminal laboratory. Exhibits at 18; Compl. at 2. Mr. Whitmore alleges the Sheriff's Department "performed an investigation . . . but pursued no charges." Compl. at 2.

On or about April 9, 2018, a Michigan court issued a warrant to collect Mr. Whitmore's DNA in connection with the 2013 allegations. Compl. at 2–3; Exhibits at 18. The prosecutor "based" the application for this warrant on two "uncharged allegation[s]" against Mr. Whitmore. Compl. at 2 (citing the 1990 allegation and a separate, unspecified allegation). The Sheriff's Department executed the warrant and collected Mr. Whitmore's DNA at Mr. Whitmore's residence in St. Clair County, Michigan. *Id.* The resulting oral swab generated "DNA results" that Mr. Whitmore challenged as incorrect. *Id.* at 3. At some point following the warrant's execution, the Sheriff's Department informed Mr. Whitmore that he could "turn himself in" to the Sheriff's custody or be arrested. *Id.* Mr. Whitmore consequently submitted to the custody of the Sheriff's Department. *Id.* On or about December 27, 2018, Mr. Whitmore was charged with several counts of criminal sexual conduct. *Id.* at 2–3; Exhibits at 14.

---

[1] For the purposes of determining the Court's subject-matter jurisdiction from the complaint, the Court assumes that all nonconclusory factual allegations pled in the amended complaint — but not its legal conclusions — are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the *factual* allegations in the complaint as true[.]" (emphasis added)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In relation to the lead-up to his arrest and his trial in St. Clair County, Michigan, Mr. Whitmore alleges that county officials did "not fully investigate" and "prosecute in a timely manner" the 2013 allegation. Compl. at 4. As "the accused shall enjoy the right to a speedy and public trial," U.S. Const. amend. VI, Mr. Whitmore claims that the five years that elapsed between the 2013 allegation against him and his 2018 prosecution constitutes a violation of his rights. Compl. at 6–7 (attributing the violation to the Sheriff's Department and the St. Clair County Circuit Court). Relatedly, Mr. Whitmore alleges that this five-year span amounts to a "radical jurisdictional defect," resulting in the St. Clair County Circuit Court being "without jurisdiction to convict and sentence" him. Compl. 4–5, 7 (citing *People v. Price*, 337 N.W.2d 614 (Mich. Ct. App. 1983) (per curiam)); *see Price*, 337 N.W.2d at 617–18 (reversing a criminal defendant's conviction because the prosecutor amended the information with a new offense after parties had rested at trial), *abrogated in part*, *People v. Hunt*, 501 N.W.2d 151 (Mich. 1993) (per curiam).[2]

Mr. Whitmore asserts that, as a consequence of the alleged delay, he was unable to confront the persons who made the uncharged allegations against him, Compl. at 10–11, including a possible witness who has since deceased, *id.* at 4. A second alleged consequence of the delayed prosecution is that Mr. Whitmore was unable to submit video footage at trial because the footage had been irreparably damaged, *id.* at 4–5, thereby allegedly impeding Mr. Whitmore's ability to present a defense. Mr. Whitmore alleges these consequences violated his due process rights, as well as his Sixth Amendment right to "have compulsory process for obtaining witnesses . . . in his favor." Compl. at 7 (quoting U.S. Const. amend. VI); *see* U.S. Const. amend. V ("No person shall . . . be deprived of life, liberty, or property, without due process of law[.]"); *cf.* U.S. Const. amend. XIV ("No *State* shall . . . deprive any person of life, liberty, or property, without due process of law[.]" (emphasis added)).

Mr. Whitmore argues the 2018 warrant for his DNA violated the Fourth, Fifth, and Sixth Amendments. Compl. at 2–3. Mr. Whitmore claims that the warrant for his DNA had an improper basis: a years-old investigation and an "uncharged allegation," thereby violating his Fourth Amendment right against unlawful searches and seizures. Compl. at 2, 11; *see* U.S. Const. amend. IV. The Court understands Mr. Whitmore's claim to be that the warrant was improper because the DNA collection was an unconstitutional search or seizure. Mr. Whitmore further alleges the warrant's execution violated his Fifth and Sixth Amendment rights because he was not represented by counsel, read his

---

[2] Michigan's "circuit court is the trial court with the broadest powers in Michigan. In general, the circuit court handles . . . all felony criminal cases[.]" *Trial Courts*, Michigan Courts, https://www.courts.michigan.gov/courts/trial-courts/ (last visited Mar. 22, 2023); *see* Exhibits at 4 (showing the "Register of Actions" in the 31st Circuit Court of the State of Michigan).

"Miranda Rights,"[3] or indicted by a grand jury at the time of the warrant's execution. Compl. at 2–3; *see also* U.S. Const. amend. VI (guaranteeing "the Assistance of Counsel for his defence"); U.S. Const. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, . . . nor shall any person . . . be deprived of life, liberty, or property, without due process of law").

On December 31, 2018, the St. Clair County Circuit Court ("St. Clair court") arraigned Mr. Whitmore and set his bond at $25,000.00. Exhibits at 14; Compl. at 3. Mr. Whitmore claims that his bail was "set at an unreasonable amount," Compl. at 3, in violation of his Eighth Amendment right that "[e]xcessive bail shall not be required." U.S. Const. amend. VIII; *see also* Compl. at 5, 13–14. On the same day as his bail hearing, Mr. Whitmore pled not guilty, and the St. Clair court received a petition from him for a court-appointed attorney. Exhibits at 14. On or about January 8, 2019, the St. Clair court conducted Mr. Whitmore's probable cause conference. *Id.* at 15. The St. Clair court granted Mr. Whitmore's request for a court-appointed attorney on or about January 7, 2019, and Mr. Whitmore's attorney first appeared before the St. Clair court on or about January 11, 2019. *Id.* Mr. Whitmore was unrepresented during three proceedings before January 11, 2019, and claims that the lack of representation is a violation of his Sixth Amendment rights. Compl. at 8–9.

On or about January 15, 2019, Mr. Whitmore waived his right to a procedural step known as the preliminary examination. Exhibits at 15; Compl. at 9. Mr. Whitmore claims that he did so after following the "ill advice" of counsel who told him to "just sign" the waiver. Compl. at 9. Furthermore, Mr. Whitmore's attorney advised him that his case was "impossible" even without the DNA evidence and that a plea deal would reduce the sentence substantially. Compl. at 3 ("Mr. Whitmore was told . . . he must take a plea deal."). On or about May 31, 2019, Mr. Whitmore pled guilty to criminal sexual conduct in connection with the 2013 allegation. Compl. at 3; Exhibits at 7. Mr. Whitmore claims that his counsel (and, possibly, unspecified county officials) violated his Fifth Amendment rights by "coercively induc[ing] [Mr. Whitmore into] a guilty plea by their constitutionally invalid actions." Compl. at 9.

Mr. Whitmore's sentencing hearing occurred on July 8, 2019. Exhibits at 7. At this hearing, the St. Clair court judge remarked on "reading 'other things' in the file" which, according to Mr. Whitmore, was the judge's reason for sentencing him to seven years in prison instead of "the 4-year recommendation." Compl. at 10–11. Mr. Whitmore claims that these "other things" the judge remarked on were the two "uncharged allegations" against him. *Id.* Mr. Whitmore argues that the use of these allegations without any

---

[3] This refers to the case *Miranda v. Arizona*, 384 U.S. 436, 467–68 (1966), which holds that "if a person in custody is to be subjected to interrogation, he must first be informed in clear and unequivocal terms that he has the right to remain silent."

opportunity to confront his accusers violated his Sixth Amendment rights, as well as some combination of his Fifth and Fourteenth Amendment rights. *See* Compl. at 10–11 (using language similar to a due process claim and citing *Townsend v. Burke*, 334 U.S. 736 (1948), which relied on the Fourteenth Amendment).[4]

On or about August 14, 2019, Mr. Whitmore sought to appeal his criminal case. Compl. at 12. He was appointed counsel for this appeal. *Id.* at 8, 12; Exhibits at 9. That counsel, however, was unable to represent Mr. Whitmore in the appeal, and subsequently withdrew from the case. Compl. at 8, 12; Exhibits at 9. On or about September 22, 2020, the St. Clair court appointed Mr. Whitmore new appellate counsel. Exhibits at 10–11. The new appellate counsel does not appear to have filed an appeal of Mr. Whitmore's case. *See* Compl. at 12; Exhibits at 13. Mr. Whitmore's exhibits show no further correspondence from the second appellate counsel until a short letter dated April 30, 2021, concerning a motion to correct Mr. Whitmore's presentencing report. Compl. at 12; Exhibits at 10, 12. Mr. Whitmore's complaint and attachments document no developments about this motion or his case after May 14, 2021. *See* Exhibits at 10.

In a letter to the State of Michigan Court of Appeals dated March 29, 2021, Mr. Whitmore inquired about his appeal. Exhibits at 13. On April 6, 2021, the State of Michigan Court of Appeals responded that "no appeal has been filed." *Id.*; Compl. at 12. Mr. Whitmore's complaint suggests his criminal appeal has never been filed. Compl. at 12–13.

Mr. Whitmore claims that he was denied "the right to redress the [Michigan State] government in a timely fashion" through an appeal of his conviction, amounting to both negligence and a violation of his First Amendment rights. Compl. at 12–13. Mr. Whitmore further claims that the State of Michigan "government and attorneys" violated the Full Faith and Credit Clause as well as international law through violating his right to appeal. *Id.* at 13. Although Mr. Whitmore's claim is difficult to decipher here, the Court understands his claim to be that, as a result of the lack of appeal, the state government violated the United States Constitution, specifically the Full Faith and Credit Clause of the United States Constitution, as well as "international law." *Id.* (failing to identify a specific basis for the international law claim); *see* U.S. Const. art. VI, § 1 ("Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."). Mr. Whitmore remains incarcerated in state prison resulting from his 2019 conviction for criminal sexual conduct. Compl. at 11; Exhibits at 4–8.

---

[4] Mr. Whitmore alleges an unspecified official submitted the uncharged allegation as evidence against Mr. Whitmore, which influenced Mr. Whitmore's sentencing. Compl. at 10–11 (citing Exhibits at 6).

Finally, Mr. Whitmore raises a habeas corpus claim as he allegedly lacked a "speedy trial, fair trial[,] and . . . due process of law" consistent with the United States Constitution. Compl. at 5–8 (emphasis omitted). He also claims that he is entitled to a remedy in this Court under 28 U.S.C. § 1495 based on his unjust conviction and resulting wrongful imprisonment. Compl. at 1, 5, 14; *see* 28 U.S.C. § 1495 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for *damages* by any person unjustly convicted of an offense against the *United States* and imprisoned." (emphasis added)).

On November 14, 2022, Mr. Whitmore filed his *pro se* complaint in this Court, initiating the instant case. ECF No. 1-3; Compl. at 1. In his complaint for "illegal imprisonment," Mr. Whitmore asks this Court to: (1) reverse his criminal conviction by the state court; and (2) award him $1 million in damages. Compl. at 14.

## III. THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER THE PLAINTIFF'S CLAIMS

This Court lacks jurisdiction because Plaintiff's complaint identifies defendants other than the United States, alleges numerous tort and criminal claims not within the scope of this Court's jurisdiction, and fails to identify a separate source of substantive money-mandating law.

First, this Court only has jurisdiction over actions against the United States as a defendant. *Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007). Therefore, if "a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations." *Id.* To the extent that Mr. Whitmore names the State of Michigan, St. Clair court and county officials, Sheriff's Department personnel, the prosecutor in his case, his court-appointed attorneys, and/or any other private persons other than the United States, this Court lacks jurisdiction. None of Mr. Whitmore's claims appear to implicate any part of the federal government, so this defect alone supports the dismissal of Mr. Whitmore's entire complaint pursuant to RCFC 12(b)(1).

Second, the "plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing 28 U.S.C. § 1491(a)(1)). As a result, Mr. Whitmore's tort claims such as negligence and wrongful imprisonment are outside this Court's jurisdiction.

Third, to the extent that Mr. Whitmore seeks to challenge the merits of his underlying criminal conviction, this Court has no jurisdiction. *See Sanders v. United States*, 252 F.3d 1329, 1331–35 (Fed. Cir. 2001). Adjudications for the "function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction," *id.* at 1335,

6

which does not include this Court. *See also Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (holding that this Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"). Additionally, "this court does not have jurisdiction to review the decisions of state courts." *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014) (citing *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) (per curiam)). The Court is therefore powerless to reopen the St. Clair court's criminal proceeding that resulted in Plaintiff's incarceration.

Fourth, Mr. Whitmore's constitutional claims do not fall within this Court's jurisdiction. This Court lacks jurisdiction over constitutional claims that do not mandate the payment of money. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). First Amendment claims are not money-mandating and consequently are dismissed for lack of jurisdiction in this Court. *United States v. Connolly*, 716 F.2d 882, 886–87 (Fed. Cir. 1983). To the extent Mr. Whitmore claims that his right to redress the government pursuant to the First Amendment was violated, this Court lacks jurisdiction. Moreover, the "Claims Court lacks jurisdiction over claims based on the Fourth, Sixth, and Eighth Amendments, as well as the Due Process clauses of the Fifth and Fourteenth Amendments because they are not 'money-mandating.'" *Kenyon v. United States*, 683 F. App'x 945, 948 (Fed. Cir. 2017) (per curiam) (affirming the dismissal of a *pro se* prisoner complaint in this Court) (first citing *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) regarding the Fourth Amendment; then citing *Dupre v. United States*, 229 Ct. Cl. 706, 706 (1981) (per curiam) as to the Fourth and Sixth Amendments; then citing *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) in regard to the Eighth Amendment; and finally citing *LeBlanc*, 50 F.3d at 1028, concerning the due process clauses of the Fifth and Fourteenth Amendments). To the extent that Mr. Whitmore's claims are based on these constitutional amendments, this Court has no jurisdiction.[5]

While this Court does have jurisdiction over Fifth Amendment takings claims, Mr. Whitmore does not allege any facts to support an alleged taking by the United States government. *See Lord Noble Kato Bakari El v. United States*, 127 Fed. Cl. 700, 706 (2016).

Fifth, Mr. Whitmore's remaining miscellaneous claims are also jurisdictionally defective. The Court of Federal Claims is not listed in the habeas statute "among those courts empowered to grant a writ of habeas corpus," and therefore does not have jurisdiction over habeas claims. *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (per curiam). Additionally, "the Tucker Act contains no language permitting this court to entertain jurisdiction over claims founded upon customary international law." *Phaidin v. United States*, 28 Fed. Cl. 231, 234 (1993). Nor is the Full Faith and Credit Clause money-mandating. *Barksdale v. United States*, 582 F. App'x 890, 891 (2014) (per curiam).

---

[5] This includes, but is not limited to, Plaintiff's claims of the use of uncharged allegations, unlawful search, lack of due process during the Sheriff's investigation, excessive bail in the St. Clair court proceedings, and any limits on his ability to present a defense.

To the extent Mr. Whitmore cites habeas corpus, international law, and the Full Faith and Credit Clause of the United States Constitution as a basis for relief, those claims must be dismissed for lack of subject-matter jurisdiction.

Finally, this Court lacks Tucker Act jurisdiction over "claims for injunctive relief and punitive damages." *Treviño v. United States*, 113 Fed. Cl. 204, 209 (2013) (first citing *United States v. Tohono O'Odham Nation*, 563 U.S. 307 (2011); and then citing *Visconi v. United States*, 455 F. App'x 986, 988 (Fed. Cir. 2012) (per curiam)); *Brown*, 105 F.3d at 624 (citing *United States v. King*, 395 U.S. 1, 2–3 (1969)). This Court has no power to order Mr. Whitmore's release from prison even assuming this Court had jurisdiction to decide any of his putative monetary claims, which, as explained above, this Court decidedly lacks.

## IV.  CONCLUSION

For the reasons explained above, the Court hereby **DISMISSES** Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCRF 12(h)(3).

**IT IS SO ORDERED**.

s/Matthew H. Solomson<br>
Matthew H. Solomson<br>
Judge